UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

COURTNEY LAINE BEEUNAS,

                              Plaintiff,

v.

NANCY A. BERRYHILLL, Acting
Commissioner of Social Security,

                              Defendant.

Case No.:  17cv1521-JLS (AGS)

**ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED *IN FORMA PAUPERIS***

(ECF No. 2)

Presently before the Court is Plaintiff Courtney Beeunas's Motion to Proceed *In Forma Pauperis* ("IFP Mot."). (ECF No. 2.) Plaintiff has filed an action requesting that this Court review and reverse the Social Security Administration's ("SSA") denial of benefits. (Compl. 1, ECF No. 1.)

### IFP MOTION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Plaintiff has submitted an affidavit indicating that she makes no monthly income and has not held a job since February, 2011. (IFP Mot. 2.) Plaintiff has $5.00 in her saving account, $10.00 in her checking account, and a 2011 Toyota Camry worth $5,000. (*Id.* at 2–3.) However, Plaintiff also notes that she has two dependent children—aged twelve and ten respectively—and that she has monthly expenses totaling $1,070.00. (*Id.* at 4–5.) This at the very least suggests that Plaintiff either has some other source of income or has not fully explained her financial situation to the Court; how has Plaintiff supported her children and paid her average monthly expenses without any income for almost six years? Accordingly, the Court cannot at this time make an informed decision regarding whether Plaintiff is able to pay the $400 filing fee to proceed in federal court.

## CONCLUSION

Given the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Proceed *In Forma Pauperis*. Plaintiff—<u>within thirty days of the date on which this Order is electronically docketed</u>—may either (1) file a new Motion to Proceed *In Forma Pauperis* addressing the Court's above-mentioned concerns, or (2) pay the $400 filing fee.[1]

**IT IS SO ORDERED.**

Dated: August 14, 2017

*Janis L. Sammartino*

Hon. Janis L. Sammartino
United States District Judge

---

[1] The Court also notes that if Plaintiff again moves for leave to proceed *in forma pauperis* the Court will be required to *sua sponte* screen Plaintiff's underlying Complaint. 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). And given Plaintiff's current, cursory allegations, the underlying Complaint would likely be subject to dismissal. *See Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (collecting cases) (finding that the plaintiff failed to state a claim for relief where the complaint merely alleged that the Commissioner's decision to deny benefits was wrong without explaining why or providing facts regarding claimant's disability, and instead simply recited the general standards governing review of that decision); *see also Hoagland v. Astrue*, No. 1:12-CV-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." (citing *Brown v. Astrue*, No. 11-cv-056-JL, 2011 WL 3664429, at *3 (D.N.H. Aug. 19, 2011))).