UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY LAINE BEEUNAS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILLL, Acting Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.: 17cv1521-JLS (AGS)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED** ***IN FORMA PAUPERIS***<br><br>(ECF No. 5) |

Presently before the Court is Plaintiff Courtney Beeunas's Motion to Amend/Correct *In Forma Pauperis* ("IFP Mot.") (ECF No. 5), which the Court construes as Plaintiff's Amended Motion to Proceed *In Forma Pauperis*. Plaintiff has filed an action requesting that this Court review and reverse the Social Security Administration's ("SSA") denial of benefits. (Compl. 1, ECF No. 1.)

**IFP MOTION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court

may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In Plaintiff's first Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2), Plaintiff submitted an affidavit indicating she makes no monthly income but that she has two dependent children–aged twelve and ten–and that she has monthly expenses totaling $1,070.00. (ECF No. 2, at 4–5.) The Court denied Plaintiff's Motion because it was unclear how Plaintiff supported her children and paid her average monthly expenses without any income. (*See* ECF 4, at 2.)

In Plaintiff's Amended Motion (ECF No. 5), she submitted an affidavit indicating her total monthly income is $2,211.00, consisting of funds from child support, public assistance, and her husband (from whom she is separated). (IFP Mot. 1–2.) However, Plaintiff also indicates her monthly expenses total $2,719.00. (*Id.* at 5.) It is still unclear to the Court how Plaintiff pays her average monthly expenses, which are over $500 greater than her monthly income. Given this, as well as the additional discrepancy between Plaintiff's monthly expenses listed on both of her motions (such as why Plaintiff's monthly rent increased by exactly $1,000 since the filing of her last motion), the Court is unable to determine whether Plaintiff's affidavit is credible and thus cannot accurately assess her ability to pay the $400 civil filing fee. Accordingly, the Court **DENIES** Plaintiff's Motion to Proceed IFP.

## CONCLUSION

Given the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 5). Plaintiff—<u>within thirty days of the date on which this Order is electronically docketed</u>—may either (1) file a new Motion to

2

17cv1521-JLS (AGS)

Proceed *In Forma Pauperis* addressing the Court's above-mentioned concerns, or (2) pay the $400 filing fee.[1]

**IT IS SO ORDERED.**

Dated: September 5, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[1] The Court also notes that if Plaintiff again moves for leave to proceed *in forma pauperis* the Court will be required to *sua sponte* screen Plaintiff's underlying Complaint. 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). And given Plaintiff's current, cursory allegations, the underlying Complaint would likely be subject to dismissal. *See Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (collecting cases) (finding that the plaintiff failed to state a claim for relief where the complaint merely alleged that the Commissioner's decision to deny benefits was wrong without explaining why or providing facts regarding claimant's disability, and instead simply recited the general standards governing review of that decision); *see also Hoagland v. Astrue*, No. 1:12-CV-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." (citing *Brown v. Astrue*, No. 11-cv-056-JL, 2011 WL 3664429, at *3 (D.N.H. Aug. 19, 2011)).